# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT DALE HURLBERT,<br>Inmate Booking No. 11147681<br><br>Plaintiff,<br><br>vs.<br><br>C. VICKERY; R. SMILEY;<br>WILLIAM GORE; POLICE CHIEF JERRY SANDERS,<br><br>Defendants. | Civil No.  11cv2908 JLS (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |

Plaintiff, Grant Dale Hurlbert, currently housed at the George Bailey Detention Facility, has filed a civil rights action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP

1 | remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately
2 | dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).
3 |     The Court finds that Plaintiff has submitted an affidavit which complies with 28
4 | U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant
5 | to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that
6 | he has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4).
7 | Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no initial partial
8 | filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee mandated
9 | shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment
10 | provisions set forth in 28 U.S.C. § 1915(b)(1).
11 |     **SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A**
12 |     **A.    Standard**
13 |     The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP
14 | and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,
15 | sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of
16 | parole, probation, pretrial release, or diversionary program," "as soon as practicable after
17 | docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua
18 | sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious,
19 | fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§
20 | 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§
21 | 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).
22 |     Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
23 | dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is
24 | frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324
25 | (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP
26 | or prisoner's suit make and rule on its own motion to dismiss before effecting service of the
27 | Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e)
28 | not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to

1  state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28
2  U.S.C. § 1915A).

3  "[W]hen determining whether a complaint states a claim, a court must accept as true all
4  allegations of material fact and must construe those facts in the light most favorable to the plaintiff."
5  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language
6  of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a
7  pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.
8  1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th
9  Cir. 1992).

10  **B.   Access to Courts Claim**

11  Plaintiff alleges that his right to access to the courts has been denied because jail officials
12  will not provide him with photocopies. Prisoners do "have a constitutional right to petition the
13  government for redress of their grievances, which includes a reasonable right of access to the
14  courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d
15  1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the
16  fundamental constitutional right of access to the courts requires prison authorities to assist inmates
17  in the preparation and filing of meaningful legal papers by providing prisoners with adequate law
18  libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S.
19  817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner
20  must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence,
21  or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury
22  as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual
23  prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing
24  deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir.
25  1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093
26  (9th Cir. 1996).

27  Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his
28  pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence

or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement.") In addition, Plaintiff must also describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) . Here, Plaintiff only references a personal injury action. (*See* Compl. at 3.) There are no facts to suggest that this civil action is related to his conditions of confinement or his pending criminal proceedings.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted. *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### C.     Fourteenth Amendment

Plaintiff also claims that jail officials have denied his rights under the Eighth and Fourteenth Amendments because they refuse to provide him with means to communicate electronically. (*See* Compl. at 5-6.) In Plaintiff's request for relief, Plaintiff seeks an order from this Court allowing "wireless 'tablet' communication devices, (i.e. Ipad 2 or similar approved 'Apps' for inmates with internet access)." (*Id.* at 7.)

However, there has been no ruling from any court holding that a jail or prison facility is legally required to provide an inmate or detainee with a personal computer or "wireless tablet communication devices." *See Endsley v. Luna*, 2009 WL 3806266  (C.D. Cal. Nov. 12, 2009) (unpub.) at *16 (citing *Fogle v. Blake*, 227 Fed. Appx. 542, 542 (8th Cir. 2007) (finding civil committee failed to state a constitutional claim regarding denial of a computer or typewriter); *Spicer v. Richards*, 2008 WL 3540182 at *7 (W.D. Wash. Aug. 11, 2008) (finding no authority to show that SVP had a 14th Amendment right to possess a "cell phone, pager, computer, [or] color ink cartridge

1 printer."); *White v. Monahan*, 2009 WL 499121 at *2 (C.D. Ill. Feb 24, 2009) (acknowledging that while civil detainees enjoy more liberties than convicted prisoners, "[t]he inability to possess a computer does not implicate a property interest that might be protected by procedural due process protections or an interest that might be classified as a substantive due process interest.") Accordingly, Plaintiff has failed to state a Fourteenth Amendment claim with respect to his claims that he has been denied access to electronic communication.

### D. Respondeat Superior

Plaintiff seeks to hold San Diego Sheriff Deputy Gore and City of San Diego Mayor Jerry Sanders liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against either Defendant Gore or Defendant Sanders.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint

1  fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and
2  without leave to amend.

### CONCLUSION

4   Good cause appearing, **IT IS HEREBY ORDERED** that:

5   1.   Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

6   2.   The Watch Commander, or his designee, shall collect from Plaintiff's prison trust
7   account the $350 balance of the filing fee owed in this case by collecting monthly payments from
8   the account in an amount equal to twenty percent (20%) of the preceding month's income and
9   forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in
10  accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED
11  BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

12  3.   The Clerk of the Court is directed to serve a copy of this Order on Watch
13  Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California
14  92158.

15   **IT IS FURTHER ORDERED** that:

16  4.   Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim
17  upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However,
18  Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a
19  First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's
20  Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D.
21  CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint
22  will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

23  5.   The Clerk of Court is directed to mail a Court approved form civil rights complaint to
24  Plaintiff.

25   **IT IS SO ORDERED.**

26  DATED: February 21, 2012

27   *Janis L. Sammartino*
    Honorable Janis L. Sammartino
28   United States District Judge